APPS v. BRAUN.

EXECUTORS AND ADMINISTRATORS—INSURANCE PROCEEDS—FUNERAL EXPENSES—DEBTS OF WIDOW.

Proceeds of insurance policies payable to estate of insured and collected by widow under facility of payment clause *held*, recoverable from her *in toto*, except for funeral expenses paid by her, in action on behalf of insured's estate brought by administrator appointed at the instance of decedent's former wife for the benefit of their child, debts of bakery operated by deceased and defendant, claimed to be sole property of latter, not being chargeable to estate of decedent.

Appeal from Monroe; Gadola (Paul V.), J., presiding. Submitted January 12, 1937. (Docket No. 93, Calendar No. 39,320.) Decided March 2, 1937.

Action by Dudley W. Apps, administrator of the estate of Alex. Braun, deceased, against Ada Edith Braun (Gilbert) to recover amount received by defendant on insurance policies. Judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Lightner, Crawford, Sweeny, Dodd & Toohy* (*George D. Haller,* of counsel), for plaintiff.

*Bland A. Pugh,* for defendant.

Butzel, J. Alex. Braun at the time of his death held three policies payable to his estate. Under facility of payment clauses in the policies, the insurance company paid $1,371.68 to the defendant, his widow. Decedent had been previously married and had one child who lived in Kansas City with decedent's first wife. Prior to his death, decedent had been adjudicated insane and committed to Eloise Hospital. Upon his death, the defendant, his widow, paid the undertaker's charges in Detroit and shipped the body to Kansas City, Missouri, where there were additional charges including those of burial. At the instance of decedent's former wife, and for the benefit of their child, a petition for administration was filed in the probate court and plaintiff appointed administrator. He thereupon instituted the present suit to recover from defendant the insurance proceeds claimed to be due the estate.

There is no doubt but that the estate is entitled to the insurance proceeds in accordance with the terms of the policies. The lower court, however, held that inasmuch as the widow had expended moneys for part of the funeral expenses and also paid certain bills claimed to have been owing from decedent, it

was, as he termed it, similar to a case of *damnum absque injuria* and therefore he rendered a judgment in favor of defendant. The judge stated:

"There is a wrong, but no damage to anyone. The defendant carried out with the funds available, according to the testimony here, what the administrator would have to do with the funds if they were placed in the hands of an administrator or in the estate."

The record shows that for a number of years defendant and decedent conducted a bakery business in Detroit. The testimony of defendant, however, leaves no doubt but that she claimed to be the sole owner of the bakery. She testified that she paid from the insurance proceeds past due rent for the bakery, on the theory that it was the debt of deceased. She made no payment for the cost of the burial in Kansas City.

Plaintiff apparently concedes that defendant should be credited with the $207.70 paid by her for part of the funeral expenses. The record shows no justification for her retaining the balance of the money. If the bakery belonged to her as she claimed, then the debts of the bakery were not properly chargeable to the estate of decedent.

The judgment in the lower court is reversed and the case remanded to the trial court for entry of judgment in the amount of $1,325.32 with interest at 5 per cent. per annum from the 22d day of January, 1936, this being the amount of insurance with interest belonging to the estate and collected by the defendant less the $207.70 paid by her for funeral expenses. Plaintiff will recover costs.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.